IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

LIBERTY MUTUAL FIRE INSURANCE
COMPANY, a Wisconsin Mutual Insurance
Company,

                    Plaintiff,

          vs.

H & C SECURITY, INC., a California
corporation;  SIGNAL 88 FRANCHISE
GROUP, INC., a Delaware Corporation; and
SIGNAL 88, LLC., a Delaware Limited
Liability Company,

                    Defendants.

**8:22CV295**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's, Liberty Mutual Fire Insurance Company's ("Liberty Mutual"), motions for default judgment against Defendants, Signal 88 Security of Atlanta GA, Inc., ("Signal 88 Atlanta"), Filing No. 33, and Sig 88 OC, LLC, ("Sig 88 OC"), Filing No. 34.  Liberty Mutual's motions for default judgment are granted.

## I.    BACKGROUND

Liberty Mutual filed a complaint against Signal 88 Atlanta, Sig 88 OC (jointly, the defaulted defendants), and four other defendants on August 16, 2022.  *See generally* Filing No. 1.  Relevant here, the complaint alleged two causes of action, breach of contract and account stated, against both Signal 88 Atlanta and Sig 88 OC.  *See* Filing No. 1 at 9–15.

Liberty Mutual's complaint alleges that the defaulted defendants are franchisees of a franchisor parent company who are engaged in the business of providing security services to customers.  Filing No. 1 at 2.  The complaint further alleges that the franchise agreements entered into by the defendants "require[] the prospective franchisee to . . .

1

purchase general liability, auto, and workers compensation insurance," require franchisees to provide their franchisor with regular proof of insurance, and empower the franchisor to "procure the required insurance on behalf of the franchisee and charge the franchisee for the cost of that insurance and additional fees." *Id.* at 3. The complaint further alleges that Defendants each signed a franchise agreement. *Id.* at 4.

Defendants purchased general liability insurance policies from Liberty Mutual. *Id.* at 6. Liberty Mutual regularly provided the franchisors with invoices for amounts due under the policies, "which itemized the amounts owed by franchise location for services Liberty Mutual provided under those policies." *Id.* The complaint further alleges that the franchisors passed along the invoices to Defendants and required Defendants "to pay their respective portion of the total amount due under [the] policies." *Id.* The complaint finally alleges that the defaulted defendants "failed to make payments owed to Liberty Mutual in breach of their respective policies with Liberty Mutual under the [insurance policies]." *Id.* at 7.

## II.    DISCUSSION

### A. Standard of Review

Under the Federal Rules of Civil Procedure, the entry of a default judgment against a party is committed to the "sound discretion of the trial court." *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015). It is "appropriate for a district court to enter a default judgment when a party fails to appropriately respond in a timely manner." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). "Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). It is, however, "incumbent upon

the district court to ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering final judgment." *Marshall*, 616 F.3d at 852–53 (quoting *Murray*, 595 F.3d at 871). Moreover, "a default judgment cannot be entered until the amount of damages has been ascertained." *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000).

### B. Liberty Mutual Has Alleged Legitimate Causes of Action for Breach of Contract and Account Stated

This Court must first consider whether Liberty Mutual has alleged legitimate causes of action for breach of contract and account stated against the defaulted defendants Signal 88 Atlanta and Signal 88 OC. The Court notes that Liberty Mutual's breach-of-contract and account-stated claims are alternate theories of recovery for the same damages. Since the clerk's default has been entered, the Court accepts the factual allegations in Liberty Mutual's complaint as true (except for those allegations relating to the amount of damages). *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).

To succeed on a breach of contract claim under Nebraska law, "the plaintiff must plead and prove the existence of a promise, its breach, damage, and compliance with any conditions precedent that activate the defendant's duty." *Phipps v. Skyview Farms, Inc.*, 610 N.W.2d 723, 730 (Neb. 2000).

Liberty Mutual alleges that Signal 88 OC obtained four insurance policies from Liberty Mutual, "was obligated to pay Liberty Mutual insurance premiums and deductibles in exchange for the specific coverages afforded to [Sig 88 OC] as set forth in the policies," and "failed to make payments totaling $113,727.48 in amounts owed to Liberty Mutual for insurance afforded under [the policies]." Filing No. 1 at 9. Accepting these allegations

3

as true, Liberty Mutual has stated a valid cause of action for breach of contract against Sig 88 OC.

Liberty Mutual's allegations against Signal 88 Atlanta mirror Liberty Mutual's allegations against Sig 88 OC, above, with two minor differences. *See* Filing No. 1 at 9–11. First, Liberty Mutual alleges that Signal 88 Atlanta only obtained two insurance policies from Liberty Mutual. *Id.* at 10. Second, Liberty Mutual alleges that Signal 88 Atlanta has "failed to make payments totaling $77,480.75 in amounts owed to Liberty Mutual for insurance afforded under [the policies]." *Id.* at 11. Again, accepting these allegations as true, Liberty Mutual has stated a valid cause of action for breach of contract against Signal 88 Atlanta.

To succeed on an account stated[1] claim under Nebraska law, the plaintiff is not required to plead or prove the original items of indebtedness. *In re Estate of Black*, 249 N.W. 84, 86 (Neb. 1933). In fact, "the failure to object to an account stated is admissible in evidence as tending to prove an acknowledgment of its correctness," and "[p]roof of an express promise to pay is not required." *Am. Express*, 913 N.W.2d at 493 (citing *John Deere Co. of Moline v. Ramacciotti Equip. Co.*, 147 N.W.2d 765, 766 (Neb. 1967)).

Liberty Mutual alleges that it sent, on a regular basis, "accurate invoices and/or statements of account reflecting the transactions between Liberty Mutual and [Sig 88 OC]." Filing No. 1 at 10. Liberty Mutual further alleges that Sig 88 OC "received and accepted the above-referenced invoices and/or statements of account without objection to any item thereof within a reasonable period of time." *Id.* Liberty Mutual makes the

---

[1] An account stated is "an agreement between persons who have had previous dealings [which determines] the amount due" as a result of those previous dealings. *Am. Express Centurion Bank v. Scheer*, 913 N.W.2d 489, 493 (Neb. Ct. App. 2018) (citing *Sherrets, Smith & Gardner, P.C. v. MJ Optical, Inc.*, 610 N.W.2d 413, 418 (Neb. 2000)).

same allegations against Signal 88 Atlanta. *Id.* at 15–16. Accepted as true, the above allegations establish legitimate causes of action for breach of contract or, alternately, account stated against defendants Signal 88 Atlanta and Sig 88 OC.

### C. Liberty Mutual Has Substantiated Its Claim for Damages

This Court must finally consider whether Liberty Mutual has substantiated its claim for damages. Liberty Mutual included, as exhibits attached to its complaint, a summary of Sig 88 OC and Signal 88 Atlanta's policies and amounts owed, Filing No. 1-2, the insurance declarations of the franchisor parent company of both Sig 88 OC and Signal 88 Atlanta, Filing No. 1-3, and a detailed accounting of the individual policies held by Sig 88 OC and Signal 88 Atlanta. Filing No. 1-4. This Court finds that the damages are capable of being computed on this record.

Liberty Mutual seeks a principal balance of $113,727.48, costs of $80.40, and "interest at the rate of 12% per annum from and after August 17, 2017" against Sig 88 OC. Filing No. 34-1 at 2; Filing No. 1 at 9. Liberty Mutual seeks a principal balance of $77,480.75, costs of $80.40, and "interest at the rate of 12% per annum from and after September 17, 2018" against Signal 88 Atlanta. Filing No. 33-1 at 2; Filing No. 1 at 11.

### III.   CONCLUSION

Liberty Mutual has complied with the rules for seeking a default judgment, alleged legitimate causes of action for breach of contract and account stated against defendants Signal 88 Atlanta and Sig 88 OC, and has substantiated its claim for damages. The Court will enter final judgment once this matter is fully adjudicated.

IT IS ORDERED:

1.  Liberty Mutual's motions for default judgment, Filing No. 33, Filing No. 34, are granted.

2.  Liberty Mutual is awarded damages against Signal 88 Atlanta in the amount of $77,480.75 plus costs of $80.40 plus interest at a rate of 12% per annum from September 17, 2018, to the date of judgment.

3.  Liberty Mutual is awarded damages against Sig 88 OC in the amount of $113,727.48 plus costs of $80.40 plus interest at a rate of 12% per annum from August 17, 2017, to the date of judgment.

Dated this 20th day of April, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

6